# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60466-BLOOM/Valle

PETER WIZENBERG,

      Appellant,

v.

HOWARD WIZENBERG,

      Appellee.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Appellee Howard Wizenberg's ("Appellee")

Motion to Dismiss Appeal as Moot, (the "Motion"), ECF No. [6]. The Court has reviewed the

Motion, the Appellant Peter Wizenberg's ("Appellant") Expedited Response, ECF No. [8], the

record and applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's

Motion is denied.

This case involves an appeal from an order in an adversary proceeding filed in the United

States Bankruptcy Court for the Southern District of Florida. *See Wizenberg v. Wizenberg*, Case

No. 18-01019 (the "Adversary Proceeding"). On February 5, 2019, the Bankruptcy Court entered

a Final Judgment in favor of Howard Wizenberg (the "Final Judgment"). *Wizenberg v. Wizenberg*,

Case No. 18-01019, ECF No. [219]. On February 6, 2019, Appellant filed his first notice of appeal

("First Appeal") in the Adversary Proceeding. *Wizenberg v. Wizenberg*, Case No. 18-01019, ECF

No. [221]. The First Appeal sought review of the Bankruptcy Court's Final Judgment entered in

favor of Howard Wizenberg. *Id.* On February 17, 2019, Appellee filed a Motion for Clarification

of Final Judgment (the "Motion for Clarification"). *Wizenberg v. Wizenberg*, Case No. 18-01019,

ECF No. [234]. The Motion for Clarification sought the clarification and amendment of the Final

Judgment entered in the Adversary Proceeding on February 5, 2019. *Id.* On February 21, 2019, the Bankruptcy Court entered an order dismissing the First Appeal (the "Dismissal Order"), based upon the Appellant's failure to timely file the designation of the items for the record or its statement of the issues as required by Bankruptcy Rule 8009. *Wizenberg v. Wizenberg*, Case No. 18-01019, ECF No. [239]. On that same day, the Bankruptcy Court also issued its ruling on the Motion for Clarification. *Wizenberg v. Wizenberg*, Case No. 18-01019, ECF No. [240]. Appellant then filed another notice of appeal (the "Second Appeal") seeking review of the Bankruptcy Court's dismissal of the First Appeal, which Appellant contends was issued in error. *Wizenberg v. Wizenberg*, Case No. 18-01019, ECF No. [242].

Appellee has now moved to dismiss the present action arguing that the present appeal is moot. ECF No. [6]. In the Motion, Appellee argues that the Final Judgment is no longer appealable because the Appellant failed to timely file another notice of appeal relating to the Final Judgment. *Id.* at 2. Thus, Appellee argues that any appeal attacking the Dismissal Order is rendered moot because ultimately it relates to the appeal of the Final Judgment. *Id.* Appellant, however, argues that the Second Appeal relates to the Bankruptcy Court's Dismissal Order, which this Court is well within its authority to vacate, and would thereby effectively reinstitute the First Appeal. ECF No. [8], at 7.

"A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Atlanta Gas Light Co. v. Fed. Energy Regulatory Comm'n*, 140 F.3d 1392, 1401 (11th Cir. 1998) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992). Moreover, "[d]ismissal of a moot case is required

because mootness is jurisdictional." *Sierra Club v. Envtl. Prot. Agency*, 315 F.3d 1295, 1299 (11th Cir. 2002). "The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." *Id.*

After a review of the record, the Court disagrees with the Appellee that the appeal pending before this Court has been rendered moot. Appellee has not cited, nor has the Court found any authority, which would support that this Court is unable to grant the Appellant the relief sought. Further, the Court agrees with the Appellant that should it find that the Bankruptcy Court dismissed Appellant's First Appeal in error, it is well within its authority to vacate the Bankruptcy Court's Dismissal Order and to reinstitute the First Appeal. Thus, "live issues" are still pending before this Court and this appeal is not moot.

Accordingly, it is **ORDERED AND ADJUDGED** that Appellee's Motion to Dismiss, **ECF No. [6]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 27th day of March, 2019.

 

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record